IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OPTIMUM IMAGING TECHNOLOGIES LLC, | § § § § | |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| PANASONIC CORPORATION, PANASONIC HOLDINGS CORPORATION, PANASONIC ENTERTAINMENT & COMMUNICATION CO., LTD., and PANASONIC OPERATIONAL EXCELLENCE CO., LTD., | § § § § § § § § | Case No. 4:23-CV-00926-ALM |
| Defendants. | § | |

**JOINT RULE 26(F) CONFERENCE REPORT**

The parties in the above-captioned cases are Plaintiff Optimum Imaging Technologies LLC, ("OIT") and Defendants Panasonic Corporation, Panasonic Holdings Corporation, Panasonic Entertainment & Communication Co., Ltd., and Panasonic Operational Excellence Co., Ltd. (collectively, "Defendants" or "Panasonic"), hereafter referred to as "the Parties." The Parties have conferred as required by Fed. R. Civ. P. 26(f) and the Court's Order Governing Proceedings ("Order"), Dkt. No. 35, dated January 14, 2025, and file this joint report. The Rule 26(f) conference was held on February 14, 2025 with all Defendants.

Below, the Parties jointly report on the items set forth in the Court's Order Governing Proceedings ("the Court's Order"):

1. **Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B of the Court's Order, including:**

    a. **The need for and any specific limits on discovery relating to claim**

1

> construction, including depositions of witnesses, including expert witnesses; and
>
> b. **The scheduling of a Claim Construction Pre-hearing Conference to be held after the Joint Claim Construction and Pre-hearing Statement provided for in P.R. 4-3 has been filed.**

The Parties propose the schedule attached as **Exhibit 1** which follows the Court's proposed deadlines from Appendix B to the Court's Order with minor modifications. The Parties have added deadlines for the close of fact and expert discovery. In addition, at this time, the Parties agree that there is no need for any specific limits on discovery relating to claim construction, and the Parties do not believe that a Claim Construction Pre-hearing Conference is necessary. The Parties do not anticipate that the Court will hear live testimony at the Claim Construction Hearing. Finally, at this time, the Parties state that it is not yet clear what claim terms might be in dispute among the Parties, so each of the Parties reserves comment on the appropriate length and procedure for the claim construction hearing.

2. **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

The Parties agree that mediation may be appropriate and are continuing to discuss that issue. The Parties will inform the Court if they agree that mediation may be appropriate in the future and if and when they agree on a mediator(s).

3. **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

The Parties agree to the following modifications on discovery set forth in the Court's Order. For the avoidance of doubt, any subpoenas seeking discovery from affiliates (e.g., subsidiaries) of Defendants shall be counted against the discovery limits identified below.

   a. **Interrogatories.**

      i. [***Plaintiffs' Proposal***: Plaintiff and Defendants may serve 45 common interrogatories to the other side.] [***Defendants' Proposal***: Plaintiff and Defendants may serve 25 common interrogatories to the other side.]

b. **Requests for Admission**

      i. Plaintiff and Defendants may serve 45 requests for admission to other side; and

      ii. Requests for admission for the sole purpose of document authentication or admissibility will not count toward this limit and will be unlimited.

c. **Requests for Production**

The Parties agree that Section I of the Court's Order obviates the need for document requests and that the Parties will:

      i. Produce or permit the inspection of all non-privileged documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

      ii. Provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

      iii. [***Plaintiffs' Proposal***: Plaintiff's production shall include documents responsive to paragraph 3(c)(i) above, but will not specifically collect documents, written discovery responses or other discovery documentation such as deposition transcripts from the matters of *Optimum Imaging Technologies LLC v. FujiFilm Corporation*, Case No. 4:23-CV-00922-ALM, *Optimum Imaging Technologies LLC v. Nikon Corporation*, Case No. 4:23-CV-00923-ALM, *Optimum Imaging Technologies LLC v. Olympus Corporation et al*, Case No. 4:23-CV-00924-ALM, *Optimum Imaging Technologies LLC v. Samsung Electronics Co. Ltd.*, Case No. 4:23-CV-00927-ALM, *Optimum Imaging Technologies LLC v. Sony Corporation*, Case No. 4:23-CV-00928-ALM, and *Optimum Imaging Technologies LLC v. Canon Inc.*, Case No. 2:19-CV-00246-JRG ("Other OIT Cases"), including at least because each of the Other OIT Cases have their own protective orders prohibiting OIT from disclosing confidential

information including third-party confidential information. Further such discovery seeks to circumvent the discovery limitations in this matter including with regard to interrogatories, requests for admission and depositions.] [*Defendants' Proposal*: Plaintiff's production shall include its document production, written discovery responses, and deposition transcripts from *Optimum Imaging Technologies LLC v. FujiFilm Corporation*, Case No. 4:23-CV-00922-ALM, *Optimum Imaging Technologies LLC v. Nikon Corporation*, Case No. 4:23-CV-00923-ALM, *Optimum Imaging Technologies LLC v. Olympus Corporation et al*, Case No. 4:23-CV-00924-ALM, *Optimum Imaging Technologies LLC v. Samsung Electronics Co. Ltd.*, Case No. 4:23-CV-00927-ALM, *Optimum Imaging Technologies LLC v. Sony Corporation*, Case No. 4:23-CV-00928-ALM, and *Optimum Imaging Technologies LLC v. Canon Inc.*, Case No. 2:19-CV-00246-JRG. These materials are highly relevant and there is no basis for excluding these from discovery. To do so would be highly prejudicial to Defendants. Nothing could be more plainly relevant than Plaintiff's positions on the same patents taken in other cases contemporaneous with our case. Providing this discovery does not circumvent any discovery limitations, and producing these documents under the terms of our protective order will address any concerns about third-party confidentiality issues.]

d. **Depositions**

   i. Plaintiff may take up to 40 hours of fact witness depositions, which limit includes all depositions under FRCP 30, third-party depositions, and depositions of all Defendants collectively;
   ii. [*Plaintiff's Proposal*: Mr. Neal Solomon's deposition shall be limited to one day of seven hours. Consistent with the discovery permitted in the Other OIT Cases, Defendant has not shown a need for more than one day of deposition of Mr. Solomon.] [*Defendants' Proposal*: Plaintiff shall make Neal Solomon available for deposition for up to two consecutive 7 hour days, if such time is needed by Defendants. Additional time for Mr. Solomon's deposition is warranted because he is the sole named inventor on all four patents-in-suit and he is the only member of plaintiff OIT.]
   iii. Defendants may collectively take up to 40 hours of fact witness depositions, which limit includes all depositions under FRCP 30, third-party depositions, and depositions of Plaintiff;
   iv. To the extent that any deposition involves the use of an interpreter, the time limit for the individual deposition is increased by 50%, which may involve splitting the deposition over multiple days, with the additional time not counting against the 40 hour total limit for the party taking the deposition;
   v. Expert depositions are limited to 7 hours per expert per report,
   vi. Depositions of experts do not count towards the deposition time limits

        prescribed in subsection iv above; and

   vii.  Any deponent designated for topics under Rule 30(b)(6) will also be asked any questions under rule 30(b)(1) at the same time or immediately preceding or following the 30(b)(6) questions asked of the deponent, and the parties will coordinate so that each witness will be deposed only once.

    e.  **Other Discovery Topics**

The Parties have conferred and agree that, absent a showing of good cause, they should not be required to log privileged or litigation work product or communications created after the filing of the Complaints in the above-captioned cases.

4. **The identity of persons expected to be deposed**

The Parties recognize that Mandatory Disclosures have not yet been made, and that more persons expected to be deposed, in addition to those identified below, may be disclosed through those submissions.

<u>Plaintiff's disclosure</u>: Plaintiff discloses that Defendants may wish to depose Neal Solomon, the inventor of the Asserted Patents and the Managing Member of OIT. Plaintiff anticipates taking the depositions of Defendants and witnesses identified by Defendants, including expert witnesses, and potentially relevant third-party witnesses as the need arises. Depositions are expected to include 30(b)(1) witnesses as well as 30(b)(6) witnesses on topics such as corporate structure, relevant documents, infringement, validity, and damages.

<u>Defendants' disclosure</u>: Defendants have not yet identified specific witnesses to be deposed by Plaintiff. In response to deposition notices served by Plaintiff, Defendants expect to make witnesses available regarding issues of corporate structure, technical operation of the accused products, and sales of the accused products in the United States. Defendants anticipate taking the deposition of Mr. Solomon, one or more attorneys involved in prosecuting the patents-in-suit, third-party prior art witnesses, additional officers, directors, members, or employees of

OIT (if any) who are familiar with the history of licensing and litigation regarding the patents-in-suit, and any other relevant third-party witnesses as the need arises, as well as witnesses identified by Plaintiff, including expert witnesses, and potentially relevant third-party witnesses as the need arises.

5. **Any issues relating to disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (See Section E - Mandatory Disclosures)**

   The Parties have attached a proposed E-Discovery Order as **Exhibit 2**.

6. **Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

   The parties certify they have taken reasonable steps to ensure that documents and things relevant to this action have been (and are continuing to be) preserved. The parties understand their duties to preserve relevant information and do not believe that a preservation order is necessary.

7. **Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b) or Fed. R. Civ. P. 16(c).**

   The Parties respectfully request that the Court enter the Parties' proposed protective order, attached as **Exhibit 3**.

8. **Estimated trial time**

   Plaintiff's position: Plaintiff estimates that a maximum of five (5) days will be needed for a trial of all issues.

   Defendants' Position: At this time, it is difficult for Defendants to estimate the time required for trial because they do not yet know the asserted claims of the patents-in-suit in this Action.

9. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Robert Harkins and Ronald Wielkopolski

Joseph Casino, Michael Kasdan, and Trey Yarbrough

10. **Any other matters counsel deem appropriate for inclusion in the joint conference report.**

    Plaintiff has identified no other issue appropriate for inclusion in the joint conference report.  In response to Defendants' identified matters:

    (i)   Plaintiff opposes Defendants' pending motion to dismiss.

    (ii)  Defendants have not filed a motion to dismiss, but Plaintiff anticipates opposing any such motion.

    (iii) Plaintiff opposes any delay in discovery, including written discovery and depositions, including because there is no basis for seeking such a delay.

    Defendants identify the following matters:

    (i)   Defendants have filed a motion to dismiss this action based on lack of personal jurisdiction over any named defendants, or in the alternative to transfer this action to the Northern District of California.  This motion is fully briefed and awaiting decision by the Court.

    (ii)  There have been multiple sets of Petitions for Inter Partes Review filed seeking to invalidate each of the Patents-in-Suit.  Sony Corporation filed four petitions, one for each Patent-in-Suit, each of which has been granted with IPR proceedings initiated.  A second group of companies, including Defendants, have also filed four petitions, one for each of the Patents-in-Suit, using different prior art than the Sony IPR Petitions.  The first of these, on the '685 Patent, was granted with IPR proceedings initiated on February 24, 2025, and we are awaiting decisions on the

remaining three petitions, with the last of the four to be decided by May 21, 2025. Defendants anticipate that they will be moving to stay this case based on the IPRs.

(iii)   In order to conserve resources and in the interests of efficiency, Defendants propose that discovery other than document discovery and contentions under the Local Patent Rules be stayed until after May 21, 2025.


Dated: February 28, 2025

/s/ Michael J. Kasdan

Michael J. Kasdan (admitted pro hac vice)
Joseph M. Casino (admitted pro hac vice)
**WIGGIN AND DANA LLP**
437 Madison Avenue 35th Floor New York, NY 10022
212.551-2600

Trey Yarbrough
Bar No. 22133500
**YARBROUGH WILCOX, PLLC**
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
(903) 595-3111
(903) 595-0191

**ATTORNEYS FOR DEFENDANTS**

Respectfully submitted,

/s/ Robert M. Harkins

Robert M. Harkins
CA Bar No. 179525
Korula T. Cherian
CA Bar No. 133967
**Cherian LLP**
2001 Addison St., Suite 275
Berkeley, CA 94704
bobh@cherianllp.com
sunnyc@cherianllp.com
Telephone: (510) 944-0190

Thomas M. Dunham
DC Bar No. 448407
Ronald Wielkopolski
DC Bar No. 1013586
Michael Woods
DC Bar No. 975433
**Cherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
tomd@cherianllp.com
michaelw@cherianllp.com
Telephone: (202) 838-1560

Hunter S. Palmer
TX Bar No. 24080748
**Cherian LLP**
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
hunterp@cherianllp.com

Telephone: (945) 205-0305

E. Leon Carter
lcarter@carterarnett.com
Texas Bar No. 00790361
Scott W. Breedlove
sbreedlove@carterarnett.com
Texas State Bar No. 00790361
Monica Litle Goff
mgoff@carterarnett.com
Texas State Bar No. 24102101
Alexis Ritzer
aritzer@carterarnett.com
Texas State Bar No. 24115116
**CARTER ARNETT PLLC**
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185
Roger D. Sanders
rsanders@somlaw.net
Elvin E. Smith III
elvinsmith@siebman.com
**SIEBMAN LAW, LLP**
Paul Brown Federal Courthouse Square
300 North Travis St.
Sherman, TX 75090
Telephone No. (903) 870-0070
Facsimile No. (903) 870-0066

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar no. 24042033
blake@themannfirm.com
**Mann | Tindel | Thompson**
11 E. Line Street, Suite 304
Tyler, TX 75702
Office 903-657-8540


**ATTORNEYS FOR PLAINTIFF OPTIMUM IMAGING TECHNOLOGIES LLC**

9

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing on February 28, 2025, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered users.

*/s/ Robert Harkins*